**Annette Grosvenor, Appellee, v. John Grosvenor, Appellant.**

**Gen. No. 21,022.   (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Bill for divorce by Annette Grosvenor, complainant, against John Grosvenor, defendant, in the Circuit Court of Cook county, on the ground of impotency due to masturbation. From a decree granting complainant an absolute divorce, defendant appeals.

Francis Borrelli, for appellant.

Leo B. Lowenthal, for appellee.

Mr. Presiding Justice Gridley delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 15*—*what constitutes impotency.* Under Rev. St. ch. 40, sec. 1 (J. & A. ¶ 4215), providing that it shall be a cause for divorce if either party to a marriage shall be at the time thereof and shall continue to be "naturally impotent," "naturally" means "incurably," and "naturally impotent," as used in the statute, means impotent or incapable in the matter of performing coition with the other sex as nature prompts, and incurably so.

2. DIVORCE, § 50*—*when burden of proving impotency on complainant.* In a bill for divorce on the ground of impotency, the burden is on complainant to prove the existence of the defect at the time of marriage, and that it is incurable.

3. DIVORCE, § 15*—*when impotency ground.* In a bill by a wife for divorce, wherein it is alleged that the husband is impotent by reason of masturbation, such action is maintainable on the ground of impotency where it appears that the husband will not so control himself as to make it possible to determine whether his disorder is curable.

4. DIVORCE, § 45*—*when evidence sufficient to support decree.* In a bill for divorce on the ground of impotency due to masturbation, rendering defendant incapable of the act of coition, where the evidence as to such impotency was conflicting, evidence *held,* sufficient to support a decree in favor of complainant for an absolute divorce, for the reason that the decree was not manifestly against the weight of the evidence.

5. DIVORCE, § 43*—*when admission as to impotency admissible.* In a bill for divorce on the ground of impotency, an admission of defendant of the fact of impotency may be admitted as evidence of such fact if the court is satisfied that it was made in sincerity and without fraud or collusion.

6. TRIAL, § 68*—*when offer of defendant for examination by court's experts properly refused.* Where in a bill for divorce on the ground of impotency, and after both parties had rested, defendant offered himself for medical examination by competent and disinterested physicians to be appointed by the court, as to the fact of his impotency, *held* on all the evidence not reversible error to refuse to follow the suggestion.

7. DIVORCE, § 16*—*when delay in suing not defense.* The fact that a bill for divorce on the ground of impotency existing at the time of the marriage was not filed until eight years after marriage is not of itself sufficient to preclude complainant from obtaining a divorce, but merely a fact to be considered by the court in connection with all the other evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.